# United States Tax Court

T.C. Memo. 2022-36

DOUGLAS MIHALIK AND WENDI J. MIHALIK,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 7881-19.                                    Filed April 13, 2022.

————

P–H is a retired airline pilot. In 2016 P–H's former employer provided free airline tickets to Ps, Ps' daughter, and Ps' two adult relatives. Ps filed a joint federal income tax return for 2016 but did not include the value of the free airline tickets in their gross income.

In a statutory notice of deficiency, the IRS determined Ps were required to include the value of the airline tickets provided to Ps' adult relatives in their 2016 gross income. Ps timely filed a petition contesting the IRS's determination and alleging that the value of the tickets was excludable because the tickets were for "de minimus [sic] travel provided to retired pilots under [I.R.C. §] 132(b)". R has filed a Motion for Summary Judgment on the ground that the value of airline tickets provided to Ps' adult relatives is not excludable under I.R.C. § 132(a)(1) as providing "no-additional-cost service[s]" as defined in I.R.C. § 132(b) because Ps' adult relatives were not Ps' dependent children.

*Held*: Ps were required to include in gross income the value of airline tickets provided by P–H's former employer to Ps' adult relatives because the value does not qualify for exclusion under I.R.C. § 132: The value is not excludable under I.R.C. § 132(a)(1) as providing

**Served 04/13/22**

[*2]    "no-additional-cost service[s]" as defined in I.R.C. § 132(b), because Ps' adult relatives were not Ps' dependent children in 2016; and it is not excludable under I.R.C. § 132(a)(4) as "de minimis fringe" as defined in I.R.C. § 132(e), because the tickets had a value high enough that accounting for their provision was not unreasonable or administratively impracticable. R's Motion for Summary Judgment will be granted.

_____

Douglas Mihalik and Wendi J. Mihalik, for themselves.

*Daniel G. Kempland* and *Melissa D. Lang*, for respondent.

MEMORANDUM OPINION

GUSTAFSON, *Judge*: The Internal Revenue Service ("IRS") issued to petitioners, Douglas and Wendi J. Mihalik ("the Mihaliks"), a statutory notice of deficiency ("SNOD") pursuant to section 6212,[1] determining a $2,862 deficiency for the year 2016.

After concessions by respondent, the Commissioner of the IRS, only one issue remains to be decided: whether the Mihaliks were required to include, in their gross income for 2016, the value of airline tickets provided to their adult relatives under Mr. Mihalik's retiree travel benefit. The Commissioner filed a Motion for Summary Judgment pursuant to Rule 121, asserting that the Mihaliks were required to include the value of the tickets in their gross income because their adult relatives were not persons exempted under section 132(a)(1). For the reasons stated below, we will grant the Commissioner's motion.

*Background*

For purposes of the Commissioner's motion, we assume correct the facts asserted by the Mihaliks that are supported in compliance with

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26, U.S.C., as in effect at all relevant times; all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times; and all Rule references are to the Tax Court Rules of Practice and Procedure. Some dollar amounts are rounded.

**[\*3]** Rule 121, the facts that they have admitted pursuant to Rule 90, and the facts shown by the Commissioner that they have not disputed. Those assumed facts are as follows.

*The Mihaliks' background*

Mr. Mihalik is a retired airline pilot who was formerly employed by United Airlines. At the time they filed their petition, the Mihaliks resided in the State of Florida.

*United Airlines' Retiree Pass Travel Program*

In 2016 United Airlines provided retired pilots (and their family members and friends) with free stand-by airline tickets under a retiree benefits program entitled the Retiree Pass Travel Program (the "RPTP").[2]

United Airlines kept records of tickets issued to the Mihaliks and their relatives in 2016. For each flight, the records list the flight date, each passenger's name, the value of each ticket issued (determined by United Airlines), and whether the value of each ticket constituted reportable taxable income to Mr. Mihalik. The records also note each passenger's birth date and relationship to Mr. Mihalik.

Mr. Mihalik, Mrs. Mihalik, and their daughter traveled extensively under the RPTP in 2016. United Airlines' records list Mrs. Mihalik's relationship to Mr. Mihalik as "Spouse" and the Mihaliks' daughter's status as "Daughter". The records also report a zero taxable "wage amount" for tickets issued to Mr. Mihalik, Mrs. Mihalik, and their daughter, and add the note "no taxation" behind each of those entries. The taxable nature of the tickets issued to each of them is not in dispute.

Because of their connection to Mr. Mihalik, Sean Garth Mihalik and Jessica Marie Liening Mihalik also received tickets from United Airlines under the RPTP in 2016. United Airlines' records list Sean's and Jessica's relationships to Mr. Mihalik as "Enrolled Friend", label each as a "taxable pass rider", and report a taxable "wage amount" for each ticket issued to Sean and Jessica under the RPTP. Because Sean and Jessica have the same surname as the Mihaliks, we assume that

---

[2] Flying "stand-by" generally refers to airline travel by a passenger who does not reserve a seat in advance and who instead occupies a seat on a flight if that seat is open immediately before takeoff.

[*4] they also share some familial relation. But the Mihaliks do not offer any information to clarify that relation and therefore, for the purposes of the Commissioner's motion, we assume that Sean and Jessica are simply relatives (to an unknown degree) of the Mihaliks. Although some dates are redacted, the records list the birth years for Sean and Jessica as 1983 and 1984, meaning Sean and Jessica were both over the age of 30 in 2016.

The value of the tickets provided to Sean and Jessica under Mr. Mihalik's RPTP in 2016 equaled $5,478.[3] United Airlines reported this amount as income paid to Mr. Mihalik on the Form 1099–MISC, "Miscellaneous Income", which it filed with the IRS.

*The Mihaliks' 2016 federal income tax return and the SNOD*

The Mihaliks timely filed a joint federal income tax return for the year 2016 by the extended deadline but did not include in their gross income the value of the tickets provided to Sean and Jessica. The Mihaliks did not claim dependents on their return.

The IRS issued to the Mihaliks an SNOD determining a deficiency of $2,862, largely due to an adjustment including in their gross income the value of the tickets provided to Sean and Jessica. The Mihaliks timely petitioned this Court for redetermination of the deficiency pursuant to section 6213(a).

*Tax Court proceedings*

The Mihaliks' Petition states that the "$5,478 listed in the . . . United Airlines [Form] 1099–C[4] represents the value of de minimus [sic] travel provided to retired pilots under Rule 132(b) [sic] . . . [and] as such[,] it is non-taxable". This statement appears to conflate the legal concepts of section 132(b), regarding no-additional-cost services, and section 132(e), regarding de minimis fringe benefits, by its reference to both "Rule 132(b)" and "de minimus". However, the petition offers no legal analysis (apart from repeating this initial assertion) regarding

---

[3] United Airlines calculated the ticket values, and neither party disputes its calculations.

[4] Form 1099–C, "Cancellation of Debt", is a form for reporting information regarding a discharge of indebtedness (which is not at issue here), and so we assume for the purposes of this discussion that the Mihaliks meant to reference the Form 1099–MISC (reporting miscellaneous taxable income paid to Mr. Mihalik) that United Airlines filed with the IRS.

**[\*5]** whether the airline tickets qualified as either no-additional-cost services under section 132(a)(1) and (b), or de minimis fringe benefits under section 132(a)(4) and (e), and therefore it does not clarify the ambiguity regarding allegedly nontaxable "de minimus [sic] travel" benefits under "Rule 132(b)".

At multiple points in these proceedings (both by order and telephone conference), this Court advised the Mihaliks of their responsibility to cooperate with the Commissioner in preparing for trial and to provide information they intended to offer to prove their case. We also advised the Mihaliks that trial of this case would likely involve their putting on proof to support their allegation that the value of the tickets provided to Sean and Jessica did not constitute taxable income to the Mihaliks.

The Mihaliks filed a status report on January 29, 2021, in which they asserted that they need not prove the merits of their contentions because the Commissioner "improperly answered the original petition[,] . . . violated the APA[,] . . . [and] violated the Constitution". In our order dated February 8, 2021, we advised the Mihaliks that these assertions were not sound. Thereafter, the Commissioner filed his Motion for Summary Judgment.

By our order dated March 22, 2021, we directed the Mihaliks to respond to the Commissioner's motion and to identify the specific facts in dispute, to state any assertion with which they disagreed and the reason for their disagreement, and to cite evidence supporting their position. We also directed the Mihaliks to set out their position on any disputed legal issues, and we identified procedural resources for their reference (e.g., the Q&As prepared by the Court on motions for summary judgment). We specifically noted that a decision may be entered against an adverse party for its failure to adequately respond to a motion for summary judgment under Rule 121(d).

The Mihaliks first filed a response to the Commissioner's motion for summary judgment alleging that they did not receive service of the Commissioner's motion.[5] The Commissioner re-served his motion, at

---

[5] Mr. Mihalik registered for electronic service in the Court's system (with a stated preference for electronic service). Mrs. Mihalik stated a preference for paper service only. The Commissioner initially served his motion for summary judgment and supporting declaration and memorandum electronically. After Mr. Mihalik's response, the Commissioner re-served his pleadings by mail, and we afforded the Mihaliks additional time to respond to the Commissioner's motion.

**[*6]** which point we ordered the Mihaliks to file a supplemental response. The Mihaliks' supplemental response did not address the Commissioner's assertions in his motion for summary judgment or contain any discussion of section 132(a)(1), (a)(4), (b), or (e), and it consisted instead mostly of allegations regarding the Commissioner's supposed failure to comply with discovery requests.[6]

## *Discussion*

### I. *General principles of law*

#### A. *Summary judgment standard*

The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

The moving party (here, the Commissioner) bears the burden of showing that no genuine dispute of material fact exists, and the Court will view any factual inferences in the light most favorable to the nonmoving party (here, the Mihaliks). *Dahlstrom v. Commissioner*, 85 T.C. 812, 821 (1985). However, Rule 121(d) imposes a duty on a party resisting summary judgment:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or declarations or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine dispute for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.

---

[6] The Mihaliks also claim that they filed with the Court a motion to compel, and that, absent a decision on their motion to compel, they are "unable to make an informed response" to the Commissioner's motion. Their alleged motion to compel does not appear in our record. From their comments about the unfiled motion to compel, it does not appear that the information supposedly sought ("all communications and mail logs") could have changed the outcome of this case, and they do not suggest any way in which it could have. In any event, they were obliged by Court order to respond to the Commissioner's motion for summary judgment, and they were not entitled to refuse to do so until the Court ruled on another motion.

**[\*7]**   The Commissioner offers his correspondence with United Airlines and the airline's records to support the factual assertions in his motion relating to section 132(a)(1) and (b). The Mihaliks' responses to the Commissioner's motion do not contradict with any specificity the Commissioner's offered support for his assertions regarding section 132(a)(1) and (b) or set forth specific facts showing that there is a genuine dispute regarding the de minimis fringe benefit exclusion under section 132(a)(4) and (e). Accordingly, we hold that no material facts are in dispute, and the issue of whether the Mihaliks were required to include in their 2016 gross income the value of the tickets provided to Sean and Jessica may be decided as a matter of law.

### B. *Exclusion under section 132*

Gross income means all income from whatever source derived, unless specifically excluded by law. *See* § 61(a); Treas. Reg. § 1.61-1(a). Section 132 excludes from gross income the value of certain "fringe benefit[s]" provided by an employer to an employee. An employee must include in gross income the value of any fringe benefit provided to the employee, or to a third party on the employee's behalf, that does not meet the criteria for exclusion under section 132. § 61(a)(1); *see also* Treas. Reg. § 1.61-21(a)(4).

### 1. *Section 132(a)(1) and (b)*

Section 132(a)(1) excludes from gross income the value of any fringe benefit that qualifies as a "no-additional-cost service". As defined in section 132(b), a "no-additional-cost service" is any service that is (1) provided by an employer to an employee, (2) at no substantial additional cost to the employer (including forgone revenue), (3) for use by the employee, and (4) offered for sale to customers in the ordinary course of business of the employer. *See also* Treas. Reg. § 1.132-2(a)(1). Excess capacity services, such as stand-by flights provided by commercial airlines to their employees, are generally considered no-additional-cost services and are non-taxable to the recipients.[7] *Id.* subpara. (2).

---

[7] If a commercial airline permits its employees to take personal flights on the airline at no charge and to receive *reserved* seating, employees receiving such free flights are not eligible for the no-additional-cost service exclusion. Treas. Reg. § 1.132-2(c). In such instances the airline forgoes potential revenue by permitting the employees to reserve seats, and therefore the service is not a no-additional-cost service. *Id.*

**[\*8]** For the purposes of section 132, the term "employee" includes a retiree of the employer and the spouse and dependent children of a retiree. § 132(h); Treas. Reg. § 1.132-1(b)(1). For this purpose, a "dependent child" is any son, stepson, daughter, or stepdaughter who is a dependent of the employee, or both of whose parents are deceased and who has not attained age 25. Treas. Reg. § 1.132-1(b)(5).

Section 152(a)(1) defines the term "dependent" (for the purposes of subtitle A of the Code, which includes section 132) as including a "qualifying child". A "qualifying child" is an individual who, in addition to meeting other requirements, "has not attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer begins, or is a student who has not attained the age of 24 as of the close of such calendar year." § 152(c)(1)(C), (3)(A).

2. *Section 132(a)(4) and (e)*

Section 132(a)(4) excludes from gross income the value of any fringe benefit that qualifies as "de minimis fringe." The term "de minimis fringe" is defined in section 132(e)(1) to mean "any property or service the value of which is (after taking into account the frequency with which similar fringes are provided by the employer to the employer's employees) so small as to make accounting for it unreasonable or administratively impracticable." The provision of a cash benefit, for example, is almost never excludable as a de minimis fringe benefit because accounting for its distribution is not administratively burdensome. Treas. Reg. § 1.132-6(c). Additionally, a benefit that an employer provides frequently to employees is not likely to be "de minimis." *Id.* para. (b).

Examples of excludable de minimis fringe benefits include coffee, doughnuts, and soft drinks, local telephone calls, and occasional personal use of an employer's copy machine. *Id.* para. (e)(1). Examples of benefits that are not excludable de minimis fringes are: season tickets to sporting or theatrical events, the commuting use of an employer-provided automobile or other vehicle more than one day a month, and use of employer-owned or leased facilities (such as an apartment, hunting lodge, boat, etc.) for a weekend. *Id.* subpara. (2).

**[*9]** II. *Analysis*

    A. *Section 132(a)(1) and (b)*

The Commissioner asserts that the Mihaliks were required to include in their gross income the value of the airline tickets issued to Sean and Jessica because they are not the Mihaliks' "dependent children" as defined in section 132(h)(2)(B). Therefore, he argues that Sean and Jessica cannot be treated as "employees" for the purposes of section 132(b), and that the airline tickets provided to them under the RPTP do not qualify for exclusion as no-additional-cost services under section 132(a)(1).[8] In support of his assertion, the Commissioner offers records from United Airlines that provide the birth years of Sean (1983) and Jessica (1984) and list Sean and Jessica as "Enrolled Friends" (instead of family members), that designate each as a "taxable pass rider", and that state a taxable "wage amount" for the tickets issued to Sean and Jessica. He also offers the Mihaliks' 2016 return, which does not claim any dependents and thereby indicates that Sean and Jessica were not dependents.

Although we view factual inferences in the light most favorable to the Mihaliks and therefore assume Sean and Jessica were relatives of the Mihaliks because of their shared surname, United Airlines' records and the Mihaliks' 2016 return support the conclusion that neither Sean nor Jessica was the Mihaliks' *dependent child* in 2016. Neither Sean nor Jessica was under the age of 19 in 2016,[9] and therefore, no matter what their relationship is to the Mihaliks, they cannot qualify as "dependents" under section 152(c) (or, necessarily, as "dependent children" under section 132(h)).

To prevail against the Commissioner's motion, the Mihaliks must show that Sean and Jessica qualified as their dependent children under section 132(h) in 2016. But the Mihaliks do not dispute the Commissioner's showing that Sean and Jessica were not their dependent children in 2016, that Sean and Jessica received tickets from United Airlines under the RPTP, or that the tickets had the value

---

[8] The Commissioner does not contest the remaining no-additional-cost service factors under section 132(b), i.e., whether tickets issued under the RPTP in 2016 were offered for sale to United Airlines' customers in the ordinary course of United Airlines' business, or whether United Airlines incurred a substantial additional cost in issuing tickets to retirees and their relatives.

[9] The Mihaliks do not allege that Sean and Jessica were full-time students in 2016, so the age 24 threshold of section 152(c)(3)(A)(ii) is inapplicable.

**[*10]** calculated by United Airlines. In fact, the Mihaliks do not address the Commissioner's factual assertions at all, despite our order giving explicit instruction to do so in their responses to the Commissioner's motion. Instead, they offer only general denials and unsupported allegations that the Commissioner "made . . . false claim[s] that there [were] no relevant facts in dispute". Such generalities do not give rise to a genuine dispute of material fact under Rule 121(d).

In light of the Commissioner's showing, and without any specific and supported factual allegations to the contrary, we must hold that Sean and Jessica did not qualify as the Mihaliks' dependent children under section 132(h) in 2016. Therefore, Sean and Jessica were not "employees" for the purposes of section 132(b), and the value of the tickets provided to them under the RPTP does not qualify for exclusion as providing no-additional-cost services under section 132(a)(1).

B. *Section 132(a)(4) and (e)*

In their petition the Mihaliks assert that the tickets issued under the RPTP were non-taxable "de minimus [sic] travel" benefits. Although the Mihaliks cite section 132(b) to support this assertion, we construe their pro se petition broadly; and we therefore assume that by their reference to "de minimus", they intended to rely on section 132(a)(4) and (e), regarding "de minimis fringe" benefits.

However, the Mihaliks' petition does not suggest any legal analysis regarding how the airline tickets might qualify as a de minimis fringe, and—critical to our ruling on the Commissioner's motion for summary judgment—the Mihaliks did not include any related facts or argument in their responses to that motion. The Mihaliks, therefore, have not set forth specific facts about "de minimis fringe" that show there is a genuine dispute on this issue for trial, as required by Rule 121(d).

Moreover, any argument that the airline tickets constitute a de minimis fringe benefit would manifestly fail on its merits. United Airlines' records indicate that it issued airline tickets frequently under the RPTP and the value of the airline tickets issued to Sean and Jessica ($5,478) greatly exceeds the low-fair-market-value examples provided by Treasury Regulation § 1.132-6(e). It is also clearly neither unreasonable nor administratively impracticable for United Airlines to account for tickets issued under the RPTP. To the contrary, United Airlines records document substantial data about the RPTP tickets,

**[\*11]** including the tax implications to Mr. Mihalik of the tickets provided to non-family members.  Therefore, we hold that the airline tickets provided to Sean and Jessica do not qualify as de minimis fringe benefits whose value is excludable under section 132(a)(4).

## *Conclusion*

The Mihaliks were required to include in their gross income for 2016 the value of the tickets provided by United Airlines to Sean and Jessica.  We will therefore grant the Commissioner's motion.  So that the deficiency can be recomputed to take account of the Commissioner's concessions on other issues,

*An appropriate order will be issued, and decision will be entered under Rule 155.*